# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.

AISHA BAXTER-ALBRIGHT, *on behalf of herself
and all others similarly situated,*

    Plaintiff,

v.

AFFILIATE ASSET SOLUTIONS, LLC,
*a Delaware Limited Liability Company,* and
PENDRICK CAPITAL PARTNERS, LLC,
*a Delaware Limited Liability Company*,

    Defendants.

_____/

## CLASS ACTION COMPLAINT

1.  Plaintiff, Aisha Baxter-Albright, on behalf of herself and all others similarly situated, alleges violations of the *Fair Debt Collection Practices Act*, *15 U.S.C. §1692 et seq.* ("*FDCPA*").

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under the *Fair Debt Collection Practices Act,* pursuant to *28 U.S.C. §1331*, and *15 U.S.C. §1692k*.

3.  Venue in this District is proper because Plaintiff resides here and Defendants conduct business in this District.

## PARTIES

4.  Plaintiff, Aisha Baxter-Albright ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Palm Beach County, Florida.

1

5. Defendant, Affiliate Asset Solutions, LLC ("Affiliate"), is a Delaware Limited Liability Company engaged in the business of collecting consumer debts, Florida license number CCA9903681, which operates from offices located at 145 Technology Parkway NW, Suite 100, Peachtree Corners, Georgia 30092.

6. Defendant, Pendrick Capital Partners, LLC ("Pendrick") is a Delaware Limited Liability Company which operates from offices located at 1714 Hollinwood Drive, Alexandria, Virginia 22307, and is engaged in the business of purchasing debt in default and attempting to collect upon the defaulted debt. Pendrick is a debt collector having Florida consumer collection agency license number CCA9903797.

7. Defendant Affiliate and Defendant Pendrick are herein collectively referred to as "Defendants."

8. Defendants regularly use the United States Postal Service and telephone in the collection of consumer debt.

9. Defendant Affiliate regularly collects or attempts to collect debts for other parties. Defendant Affiliate is a "debt collector" as defined in the *FDCPA*.

10. At all times material to the allegations of this Complaint, Defendant Affiliate was acting as an agent for Defendant Pendrick in its attempt to collect a consumer debt from Plaintiff.

11. At all times material to the allegations of this Complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

**FACTUAL ALLEGATIONS**

12. Defendants sought to collect from Plaintiff an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was a delinquent medical debt.

13. Defendant Pendrick purchases debt from original creditors while the debt is in default with the original creditor, and then attempts to collect on the purchased debt.

14. Defendant Pendrick purchased Plaintiff's underlying debt while the debt was in default with the original creditor.

15. On or about November 8, 2016, Defendant Affiliate, acting as an agent for Defendant Pendrick, sent a demand letter to Plaintiff seeking to collect an alleged debt owned by Defendant Pendrick. (The "Demand Letter", attached hereto as "Exhibit 1").

16. The Demand Letter was Defendant Affiliate's initial communication with respect to the debt alleged therein.

17. The Demand Letter stated in part:

> **THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**
>
> XXXX
>
> **NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

18. The reverse side of the Demand Letter stated in part:

> **CONSUMER RIGHTS**
>
> **UNLESS YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF THE JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST OF**

**THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR.**

19. Pursuant to *15 U.S.C §1692g(a)*, Defendants must provide Plaintiff with:

    Validation of debts

    (a) Notice of debt; contents

    Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

    (4) a statement that if the consumer notifies the debt collector **in writing** within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's **written** request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Emphasis added.

20. *15 U.S.C. §1692e(10)* states:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any

4

debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

xxxx

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

21. The Demand Letter falsely and misleadingly states that Plaintiff must dispute the debt in writing or Defendant Affiliate could assume the debt was valid, despite the clear wording of *15 U.S.C. §1692g(a)(3)*, which contains no writing requirement in order for the consumer to dispute the debt.

22. The Demand Letter falsely and misleadingly omits that Plaintiff must dispute the validity of the debt in writing in order to receive the verification rights of *15 U.S.C. §1692g(a)(4)*.

23. The Demand Letter falsely and misleadingly omits that Plaintiff must request the name of the creditor in writing in order to receive the creditor verification rights of *15 U.S.C. §1692g(a)(5)*.

24. Any potential *bona fide* error defense which relies upon Defendants' mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## CLASS ACTION ALLEGATIONS
## AS TO DEFENDANTS

25. This action is brought on behalf of a Class consisting of (i) all persons with addresses in the State of Florida (ii) to whom initial communication letters that contained the language: "**UNLESS YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION**

**THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF THE JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST OF THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR**." (iii) were mailed, delivered, or caused to be mailed or delivered, by the Defendants (iv) that were not returned undeliverable by the U.S. Post Office (v) in an attempt to collect a debt incurred for personal, family, or household purposes (vi) during the one-year period prior to the filing of the original Complaint in this action through the date of certification.

26. Plaintiff alleges on information and belief based upon the Defendants' use of the language: "**UNLESS YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF THE JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST OF THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR**." in their initial communication letters mailed, delivered, or

caused to be mailed or delivered, upon Plaintiff and the Class is so numerous that joinder of all members of the Class is impractical.

27. There are questions of law or fact common to the Class, which common issues predominate over any issues involving only individual Class members. The factual issue common to each Class member is that each was mailed, delivered, or caused to be mailed or delivered, an initial communication letter by Defendants that contained the language: "**UNLESS YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF THE JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST OF THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR.**" The common principal legal issue is whether Defendants' wording violated the *FDCPA* and could mislead the least sophisticated consumer with the language contained in the Demand Letter.

28. Plaintiff's claim is typical of those of the Class members. All are based on the same facts and legal theories.

29. Plaintiff will fairly and adequately protect the interests of the Class. She has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA*

and Class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

30. Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

> (1) the questions of law or fact common to class members predominate over any questions affecting only individual members.
>
> (2) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

31. Plaintiff requests certification of a Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure*, for monetary damages; her appointment as Class Representative; and that her attorney Leo W. Desmond be appointed Class Counsel.

## COUNT I
## VIOLATION OF *15 U.S.C. §1692g(a)(3)*
## CLASS CLAIM AGAINST DEFENDANTS

32. Plaintiff re-alleges and incorporates Paragraphs 1 through 24.

33. *15 U.S.C. §1692g(a)(3)* states after an initial communication the Defendants must provide Plaintiff with:

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

34. Defendants mailed, delivered, or caused to be mailed or delivered, the Demand Letter to Plaintiff on behalf of Defendant Pendrick in an attempt to collect a consumer debt, namely to collect an alleged medical debt that was in default with the original creditor when purchased by Defendant Pendrick.

35. By claiming to have given Plaintiff the information required by the *FDCPA*, Defendants have attempted to mislead Plaintiff and the Class into believing that the Demand Letter contained the proper notice required under the *Fair Debt Collection Practices Act*.

36. Defendants' Demand Letter states the consumer must dispute the debt in writing despite the clear wording of *15 U.S.C. §1692g(a)(3)*, which contains no writing requirement in order for the consumer to dispute the debt.

37. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

38. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

### COUNT II
### VIOLATION OF *15 U.S.C. §1692g(a)(4)*
### CLASS CLAIM AGAINST DEFENDANTS

39. Plaintiff re-alleges and incorporates Paragraphs 1 through 24 and 33 through 36.

40. *15 U.S.C. §1692g(a)(4)* states after an initial communication the Defendants must provide Plaintiff with:

> (4) [A] statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

41. Defendants mailed, delivered, or caused to be mailed or delivered, the Demand Letter to Plaintiff on behalf of Defendant Pendrick in an attempt to collect a consumer debt, namely to collect an alleged medical debt purchased by Defendant Pendrick while the debt was in default with the original creditor.

9

42. By claiming to have given Plaintiff the information required by the *FDCPA*, Defendants have attempted to mislead Plaintiff and the Class into believing that the Demand Letter contained the proper notice required under the *Fair Debt Collection Practices Act*.

43. Defendants' Demand Letter omits to inform the consumer that he or she must dispute the debt in writing despite the clear wording of *15 U.S.C. §1692g(a)(4)* which requires requests of verification of the debt to be in writing in order for the consumer to receive verification of the debt or a copy of a judgment, should a judgment exist.

44. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

45. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

**COUNT III**
**VIOLATION OF *15 U.S.C. §1692g(a)(5)***
**CLASS CLAIM AGAINST DEFENDANTS**

46. Plaintiff re-alleges and incorporates Paragraphs 1 through 24, 33 through 36, and 40 through 43.

47. *15 U.S.C. §1692g(a)(5)* states after an initial communication the Defendants must provide Plaintiff with:

> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

48. Defendants mailed, delivered, or caused to be mailed or delivered, the Demand Letter to Plaintiff on behalf of Defendant Pendrick in an attempt to collect a consumer debt, namely to collect an alleged medical debt purchased by Defendant Pendrick while the debt was in default with the original creditor.

10

49. By claiming to have given Plaintiff the information required by the *FDCPA*, Defendants have attempted to mislead Plaintiff and the Class into believing that the Demand Letter contained the proper notice required under the *Fair Debt Collection Practices Act*.

50. Defendants' Demand Letter omits to inform the consumer that he or she must request the name of the original creditor in writing despite the clear wording of *15 U.S.C. §1692g(a)(5)*, which requires requests of the name of the creditor to be in writing in order for the consumer to receive the name of the original creditor, if different from the current creditor.

51. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

52. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

**COUNT IV**
**VIOLATION OF *15 U.S.C. §1692e***
**CLASS CLAIM AGAINST DEFENDANTS**

53. Plaintiff re-alleges and incorporates Paragraphs 1 through 24, 33 through 36, 40 through 43, and 47 through 50.

54. *15 U.S.C. §1692e* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

55. Defendants mailed, delivered, or caused to be mailed or delivered the Demand Letter to Plaintiff on behalf of Defendant Pendrick in connection with an attempt to collect a

consumer debt, namely to collect an alleged medical debt purchased by Defendant Pendrick while the debt was in default with the original creditor.

56. Defendants' Demand Letter incorrectly states that Plaintiff and the Class must dispute the debt in writing despite the clear wording of *15 U.S.C. §1692g(a)(3)*, which contains no writing requirement in order for the consumer to dispute the debt.

57. Defendants' Demand Letter would be confusing and misleading to the least sophisticated consumer with regard to his/her legal rights as it states that the Plaintiff and the Class have to dispute the debt in writing despite the clear wording of *15 U.S.C. §1692g(a)(3)*, which contains no writing requirement in order for the consumer to dispute the debt.

58. Defendants' Demand Letter omits to inform the consumer that he or she must dispute the debt in writing despite the clear wording of *15 U.S.C. §1692g(a)(4)*, which requires requests of verification of the debt to be in writing in order for the consumer to receive verification of the debt or a copy of a judgment, should a judgment exist.

59. Defendants' Demand Letter omits to inform the consumer that he or she must request the name of the original creditor in writing despite the clear wording of *15 U.S.C. §1692g(a)(5)*, which requires requests of the name of the creditor to be in writing in order for the consumer to receive the name of the original creditor, if different from the current creditor.

60. By claiming to have given Plaintiff the information required by the *FDCPA*, Defendants have attempted to mislead the Plaintiff and the Class into believing that the Demand Letter contained the proper notice required under the *Fair Debt Collection Practices Act*.

61. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

62. As a result of Defendants' conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

a. An Order certifying this matter as a Class action and appointment of Plaintiff as Class Representative as to all claims against Defendants;

b. An Order appointing Leo W. Desmond as Class Counsel;

c. An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. §1692k* for all Class claims;

d. An award of attorney's fees, litigation expenses and costs of the instant suit; and

e. Such other or further relief as the Court deems proper.

Dated: April 13, 2017

        Respectfully submitted,

        */s/ Leo W. Desmond*
        Leo W. Desmond, Esquire
        Florida Bar Number 0041920
        DESMOND LAW FIRM, P.C.
        5070 Highway A1A
        Suite D
        Vero Beach, Florida 32963
        Telephone: 772.231.9600
        Facsimile: 772.231.0300
        lwd@desmondlawfirm.com
        *Attorney for Plaintiff*